AO 106 (Rev. 04/10)  Application for a Search Warrant

*JH 12/1/2017*

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Stor All Self Storage Unit 496 4060 E. Main St.
Columbus, Ohio 43213 registered in the name of
Nekishe Masten

)
)
)     Case No. 2:17-mj-721
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Stor All Self Storage Unit 496 4060 E Main St Columbus Ohio 43213 registered in the name of  Nekishe Masten

located in the _____Southern_____ District of _____Ohio_____ , there is now concealed *(identify the person or describe the property to be seized):*
Narcotics, Narcotics proceeds, and  any records, receipts, notes, ledgers, vehicle rental receipts, money orders, airline tickets, and other records related to the receipt, and sales of narcotics. See also, Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Possession with Intent to Distribute a Controlled Substance. |

The application is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SAMUEL     CHAPPELL     ATF TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  _____12/01/2017_____

City and state:  Columbus Ohio

_____
*Judge's signature*

Kimberly A Jolson, US Magistrate Judge
*Printed name and title*

## AFFIDAVIT FOR SEARCH WARRANT

### I.

### INTRODUCTION

I am a Columbus Ohio Police officer assigned as a Task Force Officer with the Bureau of Alcohol Tobacco and Firearms. The Columbus Division of Police has employed me since 2007. My responsibilities as a Task Force Officer include the investigation of violent criminal street gangs, narcotics traffickers, money launders, firearm-related crimes, an various illegal income generating schemes. I have participated in the execution of search warrants and arrests related to the above-referenced offenses.

I have conducted covert surveillance, interviewed numerous individuals, been a member of surveillance teams, participated in the execution of numerous state and federal search and arrest warrants involving firearm and/or illegal narcotics traffickers and violent offenders, and participated in the seizure of numerous firearms and controlled dangerous substances.

The facts in this affidavit come from my personal observations, my training and experience, and information obtained from police officers, Ohio State Highway Patrol investigators, and investigative subpoenas. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

Based on the facts set forth in this affidavit, there is probable cause to believe that Stor All Self Storage unit #496 located at 4060 E Main St Columbus Ohio 43213 which is a multiunit storage facility has committed violations of Title 21 U.S.C. 841possession with the intent to distribute a controlled substance.

1

I have not included all of the information relevant to the investigation in this affidavit, but I do not believe that I have omitted any information that would have a tendency to defeat a showing of probable cause. To the best of my knowledge and belief, all statements made in this affidavit are true and correct.

## II.

## PURPOSE OF AFFIDAVIT

This affidavit is submitted for the limited purpose of establishing probable cause in support of an application of a warrant to search Stor All Self Storage unit #496 located at 4060 E Main St Columbus Ohio 43213 which is a multiunit storage facility therefore contains only a summary of the relevant facts. I have not included each and every fact that I, or others, have learned during the course of this investigation. The information set forth in this affidavit is based on my own participation in the investigation, information I have received from other law enforcement officials and from my other agents' analysis of documents and records relating to this investigation. As one of the case agents on this investigation, I am familiar with the investigative efforts of other agents/Columbus Police Detectives who have worked on this investigation. Further, I am familiar with the evidence gathered through the issuance of state search warrants and information provided to myself and other agents by cooperating individuals and informants.

I believe there exists sufficient probable cause that evidence of 21 U.S.C. § 841, Possession with the Intent to Distribute a Controlled Substance, exists and can be found at the following location:

2

a. Stor All Self Storage Unit #496 located at 4060 E. Main St., Columbus, Ohio
43213, which is a multiunit storage facility described as a self-contained storage
unit with the number 496 clearly marked on light colored over head door.

## III.

## ITEMS TO BE SEIZED

Narcotics, narcotics proceeds, and any records, receipts, notes, ledgers, vehicle
rental receipts, negotiable instruments, currency, money orders, airline tickets, and other
records and items related to the receipt, possession, and sales of narcotics. I believe that
there is probable cause to believe that the listed items will be in Stor All Self Storage unit
#496 located at 4060 E. Main St Columbus Ohio 43213 which is a multiunit storage
facility.

## IV.
## INVESTIGATION

On November 30, 2017 at approximately 3:10 p.m., law enforcement
investigators utilizing surveillance techniques observed Douglass BERRY input a code to
enter the controlled access gate for Stor All Self Storage located at 4060 E. Main St.,
Columbus, Ohio 43213 which is a multiunit storage facility. Investigators have been
involved in a narcotics investigation involving BERRY. BERRY is currently on Federal
supervised release for a previous narcotics conviction.

On December 1, 2017, via execution of a court-authorized subpoena, investigators
were able to determine that BERRY entered the Stor All facility at 4060 E. Main St.,
Columbus, Ohio 43213 and utilized the distinct code for storage unit #496. Investigators
were able to determine that unit #496 is registered in the name of Nekishe Masten with a
listed home address of 3428 E. Main Street, Columbus, Ohio 43213. Investigators

3

conducted a search of the Franklin County Auditors records, which showed that no records existed for that address.

On December 1, 2017, investigators contacted Ohio State Patrol Trooper Matt Ruth and his trained narcotics alerting K-9 Katie. Trooper Ruth deployed K-9 Katie near a shared hallway which consisted of approximately six distinct storage units at the Stor All facility at 4060 E. Main St., Columbus, Ohio 43213. K-9 Katie made an immediate positive narcotics alert on unit #496.

## V.
## CONCLUSION

Through my experience and my discussions with other experienced law enforcement officers, I am familiar with the ways in which narcotics traffickers conduct their business, including, but not limited to, their methods of obtaining importing and distributing narcotics, and their methods of laundering the proceeds of their illegal activities. I am familiar with the methods, schemes, and operations used by narcotics traffickers and know:

    a. It is my experience that narcotics traffickers routinely store narcotics and associated indicia of narcotics trafficking at paid storage facilities in the names of fictitious individuals and real individuals with falsely listed addresses.

    b. It is my experience that currency transactions that are conducted enable drug traffickers to invest the cash proceeds of their illicit businesses into an asset, thereby legitimizing the currency.

    c. That narcotics traffickers are known to trade drugs for items of monetary

value;

d. That some narcotics traffickers conduct various transactions, including the purchase of vehicles and real estate, in order to create an appearance that their income is derived from legitimate sources.

e. That narcotics traffickers must maintain, on hand, large amounts of United States currency in order to maintain and finance their ongoing narcotics trafficking business;

f. That narcotics traffickers maintain books, records, receipts, notes, ledgers, and other papers relating to the sale of controlled substances, firearms, and the purchases of assets, including vehicles and real estate and other financial instruments;

g. That the aforementioned books, records, receipts, notes, ledgers, etc., are commonly maintained where the narcotics traffickers have ready access to them, i.e., homes, businesses, and automobiles.

h. That it is common for narcotics traffickers to secrete contraband, proceeds of narcotics sales, and records of narcotics transactions, sources, and customers, in secure locations within their residences, businesses, garages, storage buildings, and safety deposit boxes for ready access, and also to conceal such items from law enforcement authorities;

i. That persons involved in such trafficking and laundering conceal caches of firearms, narcotics, large amounts of currency, financial instruments, precious metals, jewelry, other items of value and/or proceeds of drug transactions, and evidence of financial transactions relating to obtaining,

transferring, secreting, or spending large sums of money made from

engaging in narcotics trafficking activities, in their residences, businesses,

garages, storage buildings, automobiles, and safety deposit boxes;

j.   That narcotics traffickers commonly maintain addresses or telephone

numbers in books, papers, pagers, or cellular phones (and often have

multiple cellular phones and pagers) which reflect names, addresses,

and/or telephone numbers for their associates in the trafficking

organization, even if said items may be in code;

k.   That narcotics traffickers frequently take, or cause to be taken,

photographs of themselves, their associates, their property, and their

product, and that these traffickers usually maintain these photographs in

their residences, businesses, and automobiles;

l.   That when narcotics traffickers amass large monetary proceeds from the

sale of narcotics, they attempt to legitimize these profits by utilizing

foreign and domestic banks and their attendant services, including

securities, cashier's checks, money drafts, letters of credit, brokerage

houses, real estate, shell corporations, business fronts and other methods;

m.   That narcotics traffickers sometimes store documents and records relating

to their narcotics suppliers, customers, money, and assets on computer

hardware and software, the contents of which frequently yield evidence of

trafficking and money laundering crimes;

n.   That courts have recognized that unexplained wealth is probative evidence

of criminal activity in which transactions involving large amounts of cash

and high profit margins are common, including trafficking in controlled
substances;

o.  That it is common for narcotics traffickers and money launderers to
    conceal and store items related to their narcotics trafficking and money
    laundering within safes, footlockers, boxes, containers and other hidden
    compartments, and within places that they own or over which they
    exercise control such as residences, businesses, and automobiles.

p.  Individuals who possess narcotics store them and associated
    acquisition/disposition documents at their residences, businesses, and/or in
    their vehicles;

In view of the above mentioned facts and my training and experience in the
investigation of narcotics and financial crimes, I am aware that probable cause exists that
contained within Stor All Self Storage unit #496 located at 4060 E. Main St. Columbus,
Ohio 43213, evidence of:

a.  21 U.S.C. § 841 Possession with intent to distribute a controlled substance.

## ATTACHMENT A

### Premises to be Searched

The premise to be searched is Stor All Self Storage unit #496 located at 4060 E. Main St. Columbus, Ohio 43213. The unit is located in a hallway where "496" is clearly marked on or above the unit door.



Accordingly, I respectfully request that the Court issue the following:

(a) A Search Warrant for Stor All Self Storage unit #496 located at 4060 E. Main St. Columbus, Ohio 43213.

(b) Authority to execute the Search Warrant at any time of day that law enforcement deems necessary.

(c) An Order sealing the Application, Affidavit, and Search Warrant until further Order of this Court.

FURTHER AFFIANT SAYETH NAUGHT

#2542

ATF Task Force Officer
Samuel Chappell

Sworn to before me, and subscribed in my presence, on this ___ day of December 2017, at Columbus, Ohio.

The Honorable Kimberly A. Jolson
United States Magistrate Judge
Southern District of Ohio

8

## ATTACHMENT B

### Items to be Seized

1. All records and other documents related to the possession, storage, sale, and delivery of illegal controlled substances.

2. Books, records, receipts, notes, ledgers, or electronic data relating in any way to the possession, storage, sale, and delivery of illegal controlled substances.

3. Cash, currency, stored value cards, cashier's checks, and records relating to income and expenditures of money and wealth from illegal controlled substances, to wit, money order, wire transfer and cashier's check receipts, and bank statements, passbooks, checkbooks, check registers, safe deposit boxes and storage units and associated keys and records of such ownership, stored value cards and access devices, and safes and associated keys and records of such ownership.

4. Indicia of occupancy, residency, and ownership or use of the use of the subject premises, including, but not limited to, purchase or lease agreements, identification documents, and keys.

5. Address and/or telephone books, rolodex indicia, electronic organizers, telephone paging devices and the memory thereof and any papers, records or electronic data reflecting names, addresses, telephone numbers, and social media monikers of sources of drug supply or drug customers.

6. Controlled substances and drug paraphernalia, including chemical dilutants, firearms and other weapons, ammunition, weighing scales, mixing bowls, glassine bags, spoons, and other items utilized in the weighing and packaging of illegal controlled substances.

7. Computers, tablets, external electronic storage media (such as external hard drives and computer disks) and other associated equipment and accessories necessary to examine and record data stored in said computers and storage media (such as monitors, printers, external drives, and other peripherals) associated with tracking the possession, storage, sale, and delivery of illegal controlled substances.

8. Cell phones or purchase receipts for such items.

All of which constitute fruits, evidence and/or instrumentalities of violations of Title 21, United States Code, Sections 841.